IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY WAYNE BULLOCK, § | | |
| TDCJ #743516, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-02-1170 |
| § | | |
| DOUGLAS DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**ORDER**

On October 29, 2003, the Court granted the respondent's motion for summary judgment and dismissed the federal habeas corpus petition filed by state inmate Bobby Wayne Bullock. Bullock has now filed a motion to set aside the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure in an effort to reopen his case to consider additional claims for relief. (Docket Entry No. 48). The motion is **denied** for reasons set forth below.

In this case, Bullock sought federal habeas corpus relief from the 1995 conviction entered against him following a jury trial in the 232nd District Court of Harris County, Texas, in cause number 697877. Bullock was convicted in that case of possession with intent to deliver a controlled substance, namely, cocaine, weighing at least 400 grams by aggregate weight. The jury also found that Bullock had used or exhibited a deadly weapon during the commission of the crime or during the immediate flight therefrom. After finding that Bullock

was eligible for punishment as a habitual felon, the jury sentenced him to sixty years of imprisonment.

Bullock's conviction was affirmed on direct appeal. *See Bullock v. State*, 982 S.W.2d 579 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd), *cert. denied*, 529 U.S. 1066 (2000). Bullock unsuccessfully attempted to challenge his conviction on state habeas review. Bullock then filed a *pro se* federal habeas corpus petition in this case that was subsequently amended by retained counsel. After considering the merits of his claims, this Court denied Bullock's federal habeas corpus petition on October 29, 2003, after finding that he was not entitled to relief under the governing standard found in 28 U.S.C. § 2254(d). (Docket Entry No. 34). The United States Court of Appeals for the Fifth Circuit denied Bullock's request for a certificate of appealability. *See Bullock v. Dretke*, No. 03-21156 (5th Cir. April 14, 2004). The United States Supreme Court denied a writ of certiorari on December 3, 2004. In a motion dated October 27, 2005, Bullock now seeks relief from this Court's final judgment under Rule 60(b)(1), (4), and (6) of the Federal Rules of Civil Procedure.

To obtain relief under Rule 60(b)(1), a movant must demonstrate that the final judgment was entered in error as the result of "mistake, inadvertence, surprise, or excusable neglect." Motions seeking relief under Rule 60(b)(1) must be filed within one year of the date of the final judgment. *See Evans v. Washington*, 273 F.3d 1100, 1100 (5th Cir. 2001) (per curiam); FED. R. CIV. P. 60(b) (motions filed under subsections (1) through (3) must be filed "not more than one year after the judgment, order, or proceeding was entered or taken").

Bullock's pending Rule 60(b) motion was filed two years after the final judgment was entered in this case. Therefore, to the extent that Bullock relies on Rule 60(b)(1), his motion must be denied as untimely.

Bullock also invokes Rule 60(b)(4), which requires a party to show that the judgment is "void." Bullock attempts to claim that he is entitled to relief under Rule 60(b)(4), by arguing that the underlying state criminal judgment of conviction is invalid. In support of that argument, Bullock contends that the judgment is void because the state trial court admitted his "involuntary confession" into evidence in violation of due process. Bullock's argument is misplaced. "A judgment is void for purposes of Rule 60(b)(4) if the court that rendered it entered an order outside its legal powers." *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir.), *cert. denied*, 525 U.S. 1041 (1998). Such a judgment is considered void if the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process. *See id.* at 1006. Bullock does not allege or show that the judgment from which he seeks relief, namely, this Court's final judgment entered on October 29, 2003, was entered without jurisdiction or in violation of due process for purposes of a Rule 60(b)(4) analysis. Thus, Bullock fails to show that Rule 60(b)(4) applies.

Finally, Bullock invokes Rule 60(b)(6), which allows a district court to set aside a final order for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is reserved for "extraordinary" circumstances. *See Evans*, 273 F.3d at 1100 (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990)).

Bullock argues that he is entitled to relief in this case because his federal habeas corpus counsel, Ken McLean, "abandoned" him by filing an amended petition that jettisoned several claims raised in the original *pro se* petition that had been submitted by Bullock. This Court has already considered and rejected Bullock's complaints about McLean in the dismissal order entered previously in this case. (Docket Entry No. 34, *Memorandum and Order*, at 23-26). Bullock filed a notice of appeal from that decision, and the Fifth Circuit rejected his request for a certificate of appealability. Bullock fails to show that this Court's previous decision regarding the amended petition filed by McLean was erroneous, or that extraordinary circumstances are present. Accordingly, Bullock fails to demonstrate that he is entitled to relief under Rule 60(b)(6).

Alternatively, Bullock's motion for relief under Rule 60(b) fails for another reason. The motion does not take issue with any particular defect in the Court's decision to deny federal habeas corpus relief under 28 U.S.C. § 2254. Instead, the motion attempts to assert five additional claims for relief concerning whether Bullock received ineffective assistance of counsel on certain issues and about whether Bullock's confession was involuntary and therefore improperly admitted into evidence at trial. Bullock explains that these issues were presented in his original *pro se* petition, but that they were deleted when his counsel filed the amended petition in this case.

A Rule 60(b) motion such as the one filed by Bullock, which raises claims for relief rather than challenges to defects in the federal habeas corpus proceeding, is treated as a

successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, — U.S. —, 125 S. Ct. 2641 (2005). Under this statute, this Court can entertain a second or successive petition only after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of the successive motion. To the extent that Bullock attempts to obtain review of the proposed claims, his pending motion is successive. Bullock fails to present the necessary authorization from the Fifth Circuit. Any explanation that he might present for his failure to properly raise the proposed claims previously must be presented to the Fifth Circuit for its consideration in deciding whether to authorize the filing of the successive motion in this district court.

For all of the foregoing reasons, it is **ORDERED** that Bullock's pending motion for relief under Rule 60(b) (Docket Entry No. 48) is **DENIED**.

To the extent that one is required, it is further **ORDERED** that a certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 15th, 2005.

Nancy F. Atlas
United States District Judge